IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PRESTON WOOD & ASSOCIATES, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. |
| RZ ENTERPRISES USA, INC. D/B/A § | |
| OPPIDAN HOMES, OPPIDAN HOMES § | Jury Trial Demanded |
| VIII LTD., CAMERON ARCHITECTS, INC.,§ | |
| and UL, INC. D/B/A URBAN LIVING, § | |
| § | |
| Defendants. | |

## ORIGINAL COMPLAINT

Plaintiff Preston Wood & Associates, LLC ("PWA"), complains of Defendants RZ Enterprises USA, Inc. d/b/a Oppidan Homes ("Oppidan"), Oppidan Homes VIII Ltd. ("Oppidan Ltd."), Cameron Architects, Inc. ("Cameron"), and UL, Inc. d/b/a Urban Living ("Urban Living"), and for its causes of action shows the following:

### THE PARTIES

1. PWA is a Texas Limited Liability Corporation.

2. Oppidan is a Texas corporation. It may be served with process through its registered agent, Abe S. Goren, 2500 Fannin Street, Houston, Texas 77002.

3. Oppidan Ltd. is a Texas Limited Partnership. It may be served with process through its registered agent, Abe S. Goren, 2500 Fannin Street, Houston, Texas 77002.

4. Cameron is a Texas corporation with its principal place of business in Houston, Texas. It may be served with process through its registered agent, Angela Cameron, 1201 Franklin, 13th Floor, Houston, Texas 77002.

5. Urban Living is a Texas corporation with its principal place of business in Houston, Texas. It may be served with process through its registered agent, Vinod Ramani, 5023 Washington Avenue, Houston 77007.

## JURISDICTION AND VENUE

6. This is copyright infringement action. This court has exclusive federal jurisdiction over the subject matter of Plaintiff's claim under 28 U.S.C. § 1338.

7. Venue in this District is proper under 28 U.S.C. § 1400(a) because defendants may be found in this district.

## FACTUAL BACKGROUND

8. PWA is a design firm in the business of creating and licensing the use of "architectural works" (as that term is used in Title 17, United States Code) and technical drawings depicting such architectural works that were created by PWA or its predecessors.

9. PWA is owner of all copyrights in the following architectural works and in certain technical drawings depicting such architectural works (hereinafter, the "Copyrighted Works"):

   a. Buckingham Job 98-044-1937. PWA has filed applications for registration of its copyrights in this architectural work and in technical drawings depicting this architectural work, has paid the requisite fees, and has deposited the necessary copies of the works with the United States

        Copyright Office. The United States Copyright Office has received all such materials, and the applications have been given Case Nos. 1-3431765731 and 1-3431765910.

    b. <u>Ashford Job 00-258-2262</u>. PWA has filed applications for registration of its copyrights in this architectural work and in technical drawings depicting this architectural work, has paid the requisite fees, and has deposited the necessary copies of the works with the United States Copyright Office. The United States Copyright Office has received all such materials, and the applications have been given Case Nos. 1-3431765864 and 1-3431765975. The Ashford Job 00-258-2262 works are derivatives of the Buckingham Job 98-044-1937 works.

    c. <u>Job D5-214</u>. PWA has filed applications for registration of its copyrights in this architectural work and in technical drawings depicting this architectural work, has paid the requisite fees, and has deposited the necessary copies of the works with the United States Copyright Office. The United States Copyright Office has received all such materials, and the applications have been given Case Nos. 1-3431766041 and 1-3431766116. The Job D5-214 works are derivatives of the Buckingham Job 98-044-1937 and Ashford Job 00-258-2262 works.

These works will hereinafter be referred to as the "Copyrighted Works."

    10.    Each of the Copyrighted Works is an original work that is copyrightable subject matter under federal law.

11. Defendants have each infringed PWA's copyrights in the Copyrighted Works through their activities associated with a development known as Nagle Park Place, which is located at 403-411 North Nagle Street, Houston, Texas. Defendants have each committed numerous acts of copyright infringement in their activities associated with Nagle Park Place, including the following:

a. Defendants have each made copies and/or derivatives of the Copyrighted Works by creating, or causing to be created, paper and digital drawings and plans for Nagle Park Place that are based on the Copyrighted Works.

b. Defendants have each distributed, or caused to be distributed, copies and/or derivatives of the Copyrighted Works by distributing paper and digital drawings and plans based on the Copyrighted Works for Nagle Park Place.

c. Oppidan and Oppidan Ltd. have made copies and/or derivatives of the Copyrighted Works by constructing, or causing to be constructed, structures at Nagle Park Place that are based on the Copyrighted Works.

d. Urban Living and Oppidan Ltd. have sold and have offered for sale structures at Nagle Park Place based on the Copyrighted Works that are copies and/or derivatives of the Copyrighted Works.

12. Additionally, in their activities associated with Nagle Park Place, Urban Living, Oppidan, and Oppidan Ltd. have created, published and used non-pictorial depictions of structures based on the Copyrighted Works in promotional and advertising materials. They have published and used these infringing materials in the course of advertising the infringing structures, including but not limited to advertising on the Internet. Furthermore, they have used the structures themselves to advertise their infringing structures.

These infringing advertising activities have resulted in the sales of infringing structures described above. Furthermore, these infringing advertising activities, and the resulting infringing sales, are and have been a substantial factor in the value of any infringing structures that defendants have not yet sold, and the prices that buyers would be willing to pay for such structures.

13. In March 2016, PWA demanded that defendants cease and desist from further acts of copyright infringement. Defendants have refused to do so, and continue to violate PWA's copyrights by continuing their infringing activities. PWA therefore brings this action to protect its rights under federal law.

### COUNT I: COPYRIGHT INFRINGEMENT

14. PWA complains of defendants for copyright infringement, and incorporates paragraphs 1-13 by reference.

15. The creation of the structures and the creation and distribution of associated design and construction drawings based on PWA's Copyrighted Works by defendants has infringed and continues to infringe PWA's copyrights in the Copyrighted Works.

16. The acts of defendants in the creation and publication of non-pictorial representations based on PWA's Copyrighted Works have infringed and are infringing PWA's copyrights in the Copyrighted Works.

17. Defendants are each jointly and severally liable for all of their profits attributable to the infringements.

18. In addition, PWA is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 prohibiting defendants from further infringement of PWA's copyrights, including but not limited to the further use or distribution of the infringing

Nagle Park Place plans and drawings and the construction, sale, or rental of infringing structures at Nagle Park Place.

19. Furthermore, this Court should issue an order pursuant to 17. U.S.C. § 503 directing the United States Marshal's Service to (a) impound all copies of the Copyrighted Works, in possession of defendants or their agents or contractors that infringe PWA's copyrights during the pendency of this lawsuit; and (b) upon final hearing of this case, to destroy or otherwise dispose of those copies.

## CONDITIONS PRECEDENT

20. PWA generally avers that all conditions precedent to its rights of recovery have occurred or have been performed, or have been waived or excused by defendants.

## JURY DEMAND

21. Pursuant to Federal Rule of Civil Procedure 38, PWA demands trial by jury on all issues so triable.

WHEREFORE, PREMISED CONSIDERED, Preston Wood & Associates, LLC prays that defendants be cited to appear and answer, and that upon final trial it have and recover from defendants as set forth above, that it have injunctive relief and other relief against defendants as requested herein, and that it have such and other relief as it may show itself to be entitled.

Respectfully submitted,

Patrick Zummo
State Bar No. 22293450
Two HoustonCenter
909 Fannin, Suite 3500
Houston, Texas77010
(713) 651-0590 (Telephone)
(713) 651-0597 (Facsimile)
pzummo@zoomlaw.com

*/s/ Louis K. Bonham*
Louis K. Bonham
State Bar No. 02597700
Osha Liang L.L.P.
919 Congress Avenue, Suite 919
Austin, Texas 78701
(512) 480-0667 (Telephone)
(713) 228-8778 (Facsimile)
bonham@oshaliang.com

ATTORNEYS FOR PLAINTIFF
PRESTON WOOD & ASSOCIATES, LLC