IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRESTON WOOD & ASSOCIATES, LLC, <br>     Plaintiff, <br><br> v. <br><br> RZ ENTERPRISES USA, INC., *et al.*, <br>     Defendants. | § § § § § § § § § | CIVIL ACTION NO. H-16-1427 |

# **MEMORANDUM AND ORDER**

This architectural copyright case is before the Court on the Motion to Dismiss and for Summary Judgment ("Motion") [Doc. # 114] filed by Defendant UL, Inc. d/b/a Urban Living ("Urban Living") and Vinod Ramani, to which Plaintiff Preston Wood & Associates, LLC ("Preston Wood") filed a Response [Doc. # 119]. Defendants neither filed a reply nor requested additional time to do so. Having reviewed the record and the applicable legal authorities, the Court **denies** the Motion.

## I.    **BACKGROUND**

Preston Wood is an architectural design firm. Urban Living is a real estate development firm, and Ramani is its Chief Executive Officer ("CEO"). Preston Wood alleges that it owns valid copyrights in architectural works and technical drawings.

Preston Wood and Urban Living entered into a "Design Only/Stock Plan License Agreement" (the "Agreement") in January 2014. Preston Wood alleges that

Urban Living failed to comply with certain conditions and, therefore, Urban Living's use of Preston Wood's copyrighted works constitutes copyright infringement.

Preston Wood alleges also that it provided the copyrighted works to Urban Living, and that Urban Living created and distributed derivatives from which it removed Preston Wood's "Copyright Management Information." Preston Wood alleges that this conduct, together with Urban Living's relevant knowledge, constitutes a violation of § 1202(b) of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202.

Defendants have moved for summary judgment on the DMCA claim. The Motion has been briefed and is now ripe for decision.

## II.  STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions in the record, together with any affidavits filed in support of the motion, demonstrate that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *Bacharach v. Suntrust Mortg., Inc.*, 827 F.3d 432, 434 (5th Cir. 2016). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012). If

the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015) (citing *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010)). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *See Guar. Bank & Trust Co. v. Agrex, Inc.*, 820 F.3d 790, 794 (5th Cir. 2016).

## III. DMCA CLAIM

Section 1202(b) of the DMCA prohibits a person from intentionally removing or altering any copyright management information without the copyright owner's permission. *See* 17 U.S.C. § 1202(b); *Ranco Indus., Inc. v. Boston Floor Mats*, 2011 WL 1237938, *2 (S.D. Tex. Mar. 31, 2011) (Miller, J.). The DMCA defines "copyright management information" to include "[t]he name of, and other identifying information about, the author of a work." *See* 17 U.S.C. § 1202(c)(2). A violation of § 1202(b) of the DMCA requires that the defendant knew or had reason to know that removal of copyright management information would "induce, enable, facilitate, or conceal an infringement" of a copyright. *See Interplan Architects, Inc. v. C.L. Thomas, Inc.*, 2010 WL 4366990, *38 (S.D. Tex. Oct. 27, 2010) (Ellison, J.) (citing 17 U.S.C. § 1202(b); *Gordon v. Nextel Comm'ns*, 345 F.3d 922, 927 (6th Cir. 2003)).

Defendants argue that they are entitled to summary judgment on the DMCA claim because there was no removal or alteration of Plaintiff's copyright management information and that they created their marketing materials "from scratch." Defendants argue also that Plaintiff improperly attempts to "re-define the DMCA" with provisions from the parties' Agreement. These arguments are refuted by the record. There is ample evidence to raise a genuine issue of material fact, and preclude summary judgment, regarding whether Defendants created their marketing materials "from scratch" or, instead, by using Plaintiff's architectural works from which Defendants had removed or altered the copyright management information. Additionally, Plaintiff is not attempting to use the terms of the Agreement to "re-define" the DMCA. Plaintiff cites to the "Copyright Management Information" section of the Agreement, which states that copyright management information is included to "deter copyright infringement." Plaintiff relies on this provision to prove that Defendants acted "knowingly and with the intent to induce, enable, facilitate, or conceal" copyright infringement as required to prove a violation of § 1202(b).

Defendants argue also that Plaintiff's architectural works do not qualify as "copyright management information" under the DMCA, relying on *MGE UPS Systems, Inc. v. GE Consumer and Industrial, Inc.*, 612 F.3d 760 (5th Cir. 2010). As an initial matter, Plaintiff is not asserting that its architectural works are the copyright

management information. Plaintiff asserts that the notices and legends on the architectural works are copyright management information as defined by the DMCA. The Court notes also that the opinion on which Defendants rely was withdrawn and superseded by *MGE UPS Systems, Inc. v. GE Consumer and Industrial, Inc.*, 622 F.3d 361 (5th Cir. 2010). Moreover, the Fifth Circuit's opinion in *MGE* involved a different section of the DMCA – § 1201, the anti-circumvention provision. Nothing in the Fifth Circuit's *MGE* decision relates to § 1202 of the DMCA. Lastly, the issue in *MGE* was whether there was a violation of the DMCA by an entity that merely used the copyrighted material after some other entity circumvented the security features. *See MGE*, 622 F.3d at 365. As a result, the Fifth Circuit's decision in *MGE* does not provide a basis for summary judgment in Defendants' favor.

Defendants' final argument is that the architectural works do not constitute "technological protections" because they have no relation to the internet or automated copyright management systems, relying on *Textile Secrets Int'l, Inc. v. YaYa Brand, Inc.*, 524 F. Supp. 2d 1184, 1192-93 (C.D. Cal. 2007). The Third Circuit, however, has rejected the *Textile Secrets* holding. The Third Circuit held that information need not function as part of an "automated copyright protection or management system" in order to qualify as copyright management information, if it satisfies the definition in § 1202(c). *See Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 301 (3d Cir.

2011). In *Interplan Architects*, a court in this federal district reached the same result. *See Interplan Architects*, 2009 WL 6443117 at *3-*4. This Court agrees with the analysis and ruling of these two courts and, therefore, rejects Defendants' argument that the identifying information on Plaintiff's architectural works is not copyright management information.

## IV. <u>CONCLUSION AND ORDER</u>

Defendants have failed to demonstrate, as either a factual matter or a legal matter, that they are entitled to summary judgment on Preston Wood's DMCA claim. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss and for Summary Judgment [Doc. # 114] is **DENIED**. The parties are reminded that they are required to participate in mediation by **June 4, 2018**.

SIGNED at Houston, Texas, this **3rd** day of **May, 2018.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE