United States District Court
Southern District of Texas
**ENTERED**
June 06, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRESTON WOOD & ASSOCIATES, LLC, § § | | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-1427 |
| RZ ENTERPRISES USA, INC., *et al.*, Defendants. | § § § | |

# **MEMORANDUM AND ORDER**

This architectural copyright case is before the Court on the Motion for Partial Summary Judgment ("Motion") [Doc. # 109] filed by Plaintiff Preston Wood & Associates, LLC ("Preston Wood"). Defendants UL, Inc. d/b/a Urban Living ("Urban Living") and Vinod Ramani filed a Response [Doc. # 117], and Plaintiff filed a Reply [Doc. # 120].[1] Having reviewed the record and the applicable legal authorities, the Motion is **granted in part and denied in part**.

## **I. BACKGROUND**

Preston Wood is an architectural design firm. Urban Living is a real estate development firm, and Ramani is its Chief Executive Officer ("CEO"). Preston Wood alleges that it owns valid copyrights in architectural works and technical drawings.

---

[1]  Plaintiff also filed Objections to portions of Defendants' Summary Judgment Evidence [Doc. # 118]. Defendants filed a Response [Doc. # 124], and Plaintiff filed a Reply [Doc. # 125].

Preston Wood and Urban Living entered into a "Design Only/Stock Plan License Agreement" (the "Agreement") in January 2014. The Agreement had a one-year term, with a provision for renewal for an additional year if requested in writing by Urban Living at least thirty days prior to the scheduled termination date. *See* Agreement, Exh. 14 to Motion, ¶ 1.b. The parties did not renew the Agreement for the second year.

Plaintiff alleges that Urban Living and Cameron Architects, Inc. ("Cameron") entered into a partnership in February 2014. Plaintiff alleges that beginning in March 2014, the Urban Living/Cameron partnership was entering into contracts with customers under which Cameron would create derivatives of Preston Wood's architectural works.

Preston Wood alleges that Urban Living failed to comply with certain conditions precedent and, therefore, Urban Living's use of Preston Wood's copyrighted works constitutes copyright infringement. Defendants dispute that the Agreement terms at issue were conditions precedent, and they have asserted the affirmative defenses of (1) implied license and (2) innocent infringement.

Plaintiff moves for summary judgment on Defendants' affirmative defenses and various legal or factual issues in the case, but does not seek summary judgment on any of its claims entirely. The Motion has been fully briefed and is now ripe for decision.

## II. STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to his case and on which he will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

For summary judgment, the initial burden falls on the movant to identify areas in which there is an "absence of a genuine issue of material fact." *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *See Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013). "A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *See Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). "'Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.'" *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002)); *accord Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). In the absence of any proof, the court will not assume that the non-movant

could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage*, 336 F.3d at 412-13). The Court is not required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413); *accord, Little*, 37 F.3d at 1075. Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000).

## III. <u>COPYRIGHT INFRINGEMENT CLAIM</u>

To prevail on a claim of copyright infringement, "a party must show that (1) he owns a valid copyright and (2) the defendant copied constituent elements of the plaintiff's work that are original." *Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 499 (5th Cir. 2012) (internal quotations and citation omitted). Plaintiff seeks summary judgment only on the first element – that it owns valid copyrights in its architectural works and technical drawings.

"To qualify for copyright protection, a work must be original to the author." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991). Defendants argue that Plaintiff's architectural works and technical drawings lack adequate originality for copyright protection.

As an initial matter, Defendants acknowledged and agreed in the Agreement that Plaintiff owns valid copyrights in the subject works. *See* Agreement, ¶ 3. Having contractually admitted that Plaintiff's copyrights are valid, Defendants cannot now challenge their validity. *See Tacori Enters. v. Nerces Fine Jewelry*, 2013 WL 12113229, *5 n.6 (C.D. Cal. Sept. 20, 2013).

Moreover, a certificate of registration from the Copyright Office gives rise to a rebuttable presumption that the copyright is valid. *See* 17 U.S.C. § 410(c) (certificates of registration "constitute prima facie evidence of the validity of the copyright[s]"); *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995). Plaintiff has presented uncontested evidence that it has Certificates of Registration for each of the architectural works and technical drawings at issue. *See* Certificates of Registration, Exhs. 3-13 to Motion. Therefore, Defendants must present evidence that raises a genuine issue of material fact regarding "originality" sufficient to overcome the presumption. Defendants do not present evidence

regarding the lack of originality in the technical drawings. As a result, Plaintiff is entitled to summary judgment that it owns valid copyrights in those drawings.

Defendants have challenged the originality of Plaintiff's architectural works. A defendant who challenges the originality of copyrighted material has the burden to overcome the presumption of validity by presenting either (1) proof that the product was copied from other works, or (2) similarly probative evidence regarding the lack of originality. *See Lennar Homes of Texas Sales & Mktg., Ltd. v. Perry Homes, LLC*, 117 F. Supp. 3d 913, 930 (S.D. Tex. 2015) (citing *Masquerade Novelty, Inc. v. Unique Indus., Inc.*, 912 F.2d 663, 668-69 (3d Cir. 1990)). Defendants have presented no evidence that Plaintiff's architectural works were copied from others' works.

"The originality of an architectural work is determined by examining 'the overall form [of the work] as well as the arrangement and composition of spaces and elements in the design.'" *Danze & Davis Architects, Inc. v. Legend Classic Homes, Ltd.*, 2011 WL 2940671, *3 (S.D. Tex. July 19, 2011) (quoting 17 U.S.C. § 101). For architectural works, "the overall work can be original even if it is made up of individual elements that are not protected." *Id.* (citing *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1225 (11th Cir. 2008); *T–Peg, Inc. v. Vermont Timber Works, Inc.*, 459 F.3d 97, 110 (6th Cir. 2006); *Sturdza v. United Arab Emirates*, 281

F.3d 1287, 1297 (D.C. Cir. 2002); *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, 2010 WL 4366990, *33 (S.D. Tex. Oct. 27, 2010)).

Defendants have presented the Affidavit of Vinod Ramani, who opined that factors such as "market demand, development criteria, regulations and other external factors" dictate the "eventual design of the properties at issue rather than creative output by [Preston Wood]." *See* Ramani Aff., Exh. 1 to Response, ¶ 13. Defendants also present the Affidavit of their expert, Leonard Bachman, Exh. 7 to Response. In his Affidavit, Bachman conflates originality and creativity. *See* Bachman Aff., ¶ 4. He states that Plaintiff's works are at the "most extreme low point . . . on the normative-to-critical scale of creativity and originality." *Id.* He states that Plaintiff's works lack evidence of "an effort to transcend" the practical parameters dictated by the townhouse market and such factors as regulations, the economy and conventional approaches. *See id.*, ¶ 5. He states that the designer displayed "ambivalence toward any specific look and feel." *Id.* Bachman expands on these opinions in his Letter Report, Exh. 8 to Response. He spends multiple pages of the nine-page Report discussing creativity in architecture and the importance of "critical design" by architect's such as Frank Lloyd Wright. *See* Letter Report, pp. 2-4. He recognizes originality only if it is "critically worthy" and expresses a meaningful idea. *See id.* at pp. 3-4. He concedes that Plaintiff's architectural works contain design elements, but complains that they are "merely decorative and arbitrary." *See id.* at p. 5.

Defendants' evidence, while interesting reading, does not address the issue of originality for purposes of copyright law.[2] Originality for copyright purposes does not require that the work be novel or express a meaningful underlying idea, only "that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *See Feist*, 499 U.S. at 345. "[T]he requisite level of creativity is extremely low; even a slight amount will suffice." *Id*. Indeed, the originality requirement amounts to "little more than a prohibition of actual copying." *Lennar Homes*, 117 F. Supp. 3d at 930 (quoting *Alfred Bell & Co. v. Catalda Fine Arts*, 191 F.2d 99, 103 (2d Cir. 1951)). Bachman does not opine that Preston Wood's architectural works were copied, and he concedes that they have some minimal creativity. His opinion, as well as that of Ramani, that Plaintiff's architectural works lack creativity because they consist of features that are necessitated by industry standards or market demands does not create a fact dispute

---

[2] In his Affidavit, Bachman states that he is "confident that the average layperson, informed consumer, knowledgeable homebuilder, or qualified design professional would not identify the [Preston Wood] design as an original product if any of those people were choosing from a representative sample of speculative market townhouse designs of this type." Bachman Aff., ¶ 6. In his Report, he states that he believes "a survey of comparable townhouse projects in Houston or other urban markets would surely conclude that the [Preston Wood body of work] is merely derivative of the collective body of speculative market townhouse design in the U.S. today." Report, p. 4. There is no evidence, however, that Bachman has conducted any relevant surveys. Therefore, his beliefs regarding what relevant surveys would reveal should he conduct them is improper summary judgment evidence and is not considered by the Court.

regarding whether the works are original for purposes of copyright validity. *See Danze & Davis*, 2011 WL 2940671 at *5 (citing *Interplan Architects*, 2010 WL 4366990 at *33). As a result, Defendants have failed to present evidence regarding originality sufficient to rebut the presumption of copyright validity. The Court grants Plaintiff's request for summary judgment that it has a valid copyright in the architectural works and technical drawings at issue in this case.

## IV. <u>REQUESTS FOR DECLARATIONS REGARDING AGREEMENT</u>

Plaintiff seeks summary judgment on its request for declaratory judgment on the following statements: (1) Urban Living never complied with the conditions precedent to sublicense; (2) construction of homes by purported Urban Living sublicensees was not authorized under the Agreement; (3) Urban Living did not comply with the conditions precedent to engage outside design professionals to modify [Preston Wood's] works; (4) Urban Living's purported sublicensees did not have any right to modify or engage outside design professionals to modify [Preston Wood's] works; (5) Urban Living's engagement of outside design professionals to modify [Preston Wood's] works caused the automatic termination of the Agreement; (6) other than completing the construction of houses properly licensed as of the date of termination, no other use of [Preston Wood's] works was authorized by the Agreement. Plaintiff's request for summary judgment on each of these statements is

based, at least in part, on Urban Living's failure to comply with purported "conditions precedent" in the Agreement. Whether the relevant Agreement provisions are conditions precedent is a matter that is contested by Defendants and that has not been decided in this case. For that reason, the Court denies the Motion for Summary Judgment on these six statements.

As an additional basis for denying the Motion regarding these statements, the Court finds a genuine issue of material fact regarding whether most of the relevant terms of the Agreement are conditions precedent. "A condition precedent is either an act of a party that must be performed or a certain event that must happen before a contractual right accrues or a contractual duty arises." *In re Deepwater Horizon*, 786 F.3d 344, 361 (5th Cir. 2015); *see also Solar Applications Eng'g, Inc. v. T.A. Operating Corp.*, 327 S.W.3d 104, 108 (Tex. 2010). To determine whether a provision in a contract is a condition precedent, rather than simply a contractual promise or "covenant," a court examines the parties' intent as manifested in the contract. *See Interstate Contracting Corp. v. City of Dallas, Tex.*, 407 F.3d 708, 727 (5th Cir. 2005) (citing *Criswell v. European Crossroads Shopping Ctr., Ltd.*, 792 S.W.2d 945, 948 (Tex. 1990)). Conditions precedent are disfavored, and "when the parties' intent is ambiguous the terms will be construed as covenants." *Id.*

There are undertakings in the Agreement that are clearly and unequivocally identified as "a strict condition precedent" to certain terms of the license granted by the Agreement. For example, the requirement that Urban Living notify Preston Wood in writing of the address of intended construction using the copyrighted architectural works and technical drawings, and pay an appropriate fee, is clearly identified as "a strict condition precedent" to Preston Wood's license for Urban Living to construct and sell the building. *See* Agreement, ¶ 1.a. Similarly, the requirements regarding copyright management information is clearly identified as a "strict condition precedent" to the licensing of reproductions and derivative works. *See* Agreement, ¶ 4. Each of these two provisions is clearly identified in the Agreement as a "strict condition precedent" and, therefore, each is construed as such.

None of the other provisions in the Agreement, however, uses this same clear language. For example, Plaintiff alleges that Defendants failed to comply with terms in the Agreement relating to sublicenses and engaging outside professionals to modify Preston Wood's works. *See, e.g.*, First Amended Complaint [Doc. # 39], ¶¶ 49-50. The provisions in the Agreement requiring certain conduct in connection with sublicenses and modification of Preston Wood's works, however, do not include the language identifying them as "a strict condition precedent." *See* Agreement, ¶¶ 1.c; 2. Because these terms, while using "conditioned on" language, do not use the clear

and unambiguous term "a strict condition precedent" used elsewhere in the Agreement, evidence of the parties' intent is relevant.

Defendants have presented evidence regarding the parties' intent at the time they entered into the Agreement. Specifically, Defendants have presented evidence of the parties' course of dealing for several years and their intent to continue conducting business in the same manner.[3] This evidence is sufficient to raise a genuine issue of material fact regarding whether the terms of the Agreement, other than the two that are clearly identified as "a strict condition precedent," were intended by the parties to be covenants or conditions precedent. As a result, on this basis also, Plaintiff's motion for summary judgment on its request for declaratory judgment is denied as to all six identified statements.

## V. **AFFIRMATIVE DEFENSES**

Plaintiff seeks summary judgment on Defendants' affirmative defenses of implied license and innocent infringement.

---

[3] To the extent the evidence is offered to prove intent that the Agreement terms were covenants rather than conditions precedent, the Court accepts Defendants' evidence. To the extent the evidence is offered to prove waiver or some form of estoppel, the evidence is not relevant because waiver and estoppel are affirmative defenses. *See* FED. R. CIV. P. 8(c). "Failure to timely plead an affirmative defense may result in waiver and the exclusion of the defense from the case." *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) (citing *Morris v. Homco Int'l, Inc.*, 853 F.2d 337, 342-43 (5th Cir.1988)). Defendants have not asserted waiver or estoppel as affirmative defenses in this case.

## A. Implied License

Defendants assert the affirmative defense of implied license. *See* Second Amended Answer and Affirmative Defenses [Doc. # 97], ¶ 123. Because the existence of an implied license authorizing the use of copyrighted material is an affirmative defense to an allegation of infringement, Defendants bear the burden of proving that an implied license exists. *See Carson v. Dynegy, Inc.*, 344 F.3d 446, 451 (5th Cir. 2003). An implied, nonexclusive license may arise when the totality of the parties' conduct indicates an intent to grant such a license.[4] *See Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 501 (5th Cir. 2012); *Lulirama Ltd., Inc. v. Axcess Broadcast Services. Inc.*, 128 F.3d 872, 879 (5th Cir. 1997); *Energy Intelligence Grp., Inc. v. Kayne Anderson Cap. Advisors, LP*, 2017 WL 363004, *6 (S.D. Tex. Jan. 24, 2017). Courts have examined three factors to determine whether an implied nonexclusive license exists:

> (1) whether the parties were engaged in a short-term discrete transaction as opposed to an ongoing relationship; (2) whether the creator utilized

---

[4] In 1997, the Fifth Circuit held that an implied nonexclusive license arises when "(1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes the particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work." *Lulirama Ltd., Inc. v. Axcess Broadcast Servs., Inc.*, 128 F.3d 872, 879 (5th Cir. 1997). In 2012, the Fifth Circuit acknowledged the *Lulirama* three-part test, but held that an implied license could "arise in other circumstances where the totality of the parties' conduct supported such an outcome." *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 501 (5th Cir. 2012).

> written contracts . . . providing that copyrighted materials could only be used with the creator's future involvement or express permission; and (3) whether the creator's conduct during the creation or delivery of the copyrighted material indicated that use of the material without the creator's involvement or consent was permissible.

*Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 514-16 (4th Cir. 2002); *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, 2010 WL 4366990, *40 (S.D. Tex. Oct. 27, 2010).

In this case, the evidence is undisputed that the parties were engaged in an ongoing relationship rather than in a discrete transaction. As noted above, the Agreement had a one-year term, with a provision for renewal for an additional year.[5] *See* Agreement, ¶ 1.b. It was during the original one-year term of the Agreement that the alleged copyright infringement occurred. Additionally, it is undisputed that the parties "have done business together for years, going back until well before the events at issue in this lawsuit." *See* Ramani Aff., ¶ 3.

The second factor is whether there was a written contract providing that copyrighted materials could only be used with the creator's future involvement or express permission.[6] In this case, it is undisputed that the parties entered into the

---

[5] As noted above, there is no evidence that Urban Living submitted a written request for renewal of the Agreement for the additional year.

[6] Defendants argue that an express contract does not preclude recovery under an implied license, citing *Fantastic Fakes, Inc. v. Pickwick Int'l, Inc.*, 661 F.2d 479 (5th
(continued...)

Agreement, which provided clearly and unequivocally that certain conduct by Defendants, conduct in connection with the Agreement and the copyrighted architectural works and technical drawings, required prior written approval by Plaintiff. *See* Agreement, ¶¶ 1, 2. The existence of a written Agreement providing an express nonexclusive license subject to the terms of the Agreement weighs heavily against the existence of an implied license. *See, e.g., Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519, 584 (2013) (discussing an implied license only to the extent that express licenses do not exist); *Lulirama*, 128 F.3d at 879 (finding implied license as to jingles that were written ***after*** the original Jingle Writing Agreement expired). Indeed, under Texas law, quasi-contractual claims are unavailable when a valid, express contract exists that governs the subject matter of the dispute. *See Johnson v.*

---

6     (...continued)
Cir. 1981). Defendants' reliance on this case is troubling. Initially, and of least importance, Defendants cite to page 500 of the case, which ends at page 488. More importantly, the case was decided based on Georgia law and involved whether there was an implied condition in an express license. The Fifth Circuit held that there existed "an implied condition to the licensing agreement requiring the licensee to take actions to protect the rights retained by the licensor. Therefore, when the licensor has not manifested an intent to dedicate his copyright to the public domain, yet the licensee has failed to affix notice adequate to protect the licensor's copyright, the courts have consistently found that the licensee was acting without authority of the licensor in distributing the copyrighted material." *Id.* at 485-86. This case in no way supports Defendants' argument that an express contract does not preclude the successful assertion of an implied license affirmative defense.

*Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 929 (N.D. Tex. 2014); *Quintel Tech., Ltd. v. Huawei Techs. USA, Inc.*, 2018 WL 446320, *7 (E.D. Tex. Jan. 17, 2018).

The third factor is whether the copyright holder's conduct during the delivery of the copyrighted material indicated that use of the material without the creator's consent was permissible. As noted above, the uncontested evidence in this case establishes that Plaintiff delivered the copyrighted works to Defendants subject to the Agreement, which provided that certain conduct by Defendants in connection with the Agreement and the copyrighted architectural works and technical drawings required prior written approval by Plaintiff. *See* Agreement, ¶¶ 1, 2. Cases that have found the existence of an implied license usually involved delivery of the copyrighted work without restrictions. *See, e.g., Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 587 (5th Cir. 2015) (an implied nonexclusive license was created when the copyright holder delivered plans for custom homes without any restrictions on the recipient's ability to use the delivered drawings); *Hunn v. Dan Wilson Homes, Inc.*, 2014 WL 12584308, *12 (N.D. Tex. Jan. 29, 2014), *aff'd*, 789 F.3d 573 (5th Cir. 2015) (noting that the intent of the parties was to grant an implied license for the use of custom home plans "unless the parties explicitly agreed otherwise").

Consideration of the uncontested evidence in the case, and the three factors set forth in *Nelson-Salabes*, demonstrates there is no genuine issue of material fact that

Plaintiff did not intend to grant Defendants an implied license with terms different from those set forth in the express license granted by the Agreement. Plaintiff is entitled to summary judgment on Defendants' implied license affirmative defense.

   B.   **Innocent Infringement**

Defendants assert the affirmative defense of innocent infringement under 17 U.S.C. § 504(c)(2). *See* Second Amended Answer and Affirmative Defenses, ¶ 124. The cited statute provides that "where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200."[7]  17 U.S.C. § 504(c)(2).

In this case, Plaintiff has presented uncontroverted evidence that Defendants had possession of Plaintiff's works that bore a copyright notice as required by 17 U.S.C. § 401(b).[8] Where, as here, the published copy or copies of the copyrighted works to which the defendant had access contain the § 401(b) copyright notice, then

---

[7]  Section 504(c)(2) does not provide a defense to the copyright infringement action but, instead, provides for a reduction in the minimum amount of statutory damages per act of infringement. 17 U.S.C. § 504(c)(2); *Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 123 (2d Cir. 2001).

[8]  The copyright notice must include (1) the copyright symbol or the word "Copyright," (2) the year of first publication of the work, and (3) the name of the owner of the copyright in the work. *See* 17 U.S.C. § 401(b).

"no weight shall be given to such a defendant's interposition of a defense based on innocent infringement" except as provided in the last sentence of section 504(c)(2), which is inapplicable to the facts at bar.[9] *See Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 123 (2d Cir. 2001); *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 271 F. Supp. 2d 737, 753 (D. Md. 2003). Therefore, Plaintiff is entitled to summary judgment on the innocent infringement affirmative defense.

## VI. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. # 109] is **GRANTED** as to the validity of Plaintiff's copyrights, **GRANTED** on the affirmative defenses of implied license and innocent infringement, and **DENIED** on the request for declaratory judgment on the six statements identified in the Motion.

---

[9] The last sentence of § 504(c)(2) applies only if the infringer was:

> (i) an employee or agent of a nonprofit educational institution, library, or archives acting within the scope of his or her employment who, or such institution, library, or archives itself, which infringed by reproducing the work in copies or phonorecords; or

> (ii) a public broadcasting entity which or a person who, as a regular part of the nonprofit activities of a public broadcasting entity (as defined in section 118(f)) infringed by performing a published nondramatic literary work or by reproducing a transmission program embodying a performance of such a work.

SIGNED at Houston, Texas, this **6th** day of **June, 2018.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE