IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRESTON WOOD & ASSOCIATES, LLC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. H-16-1427 |
| vs. | § | |
| | § | JURY DEMANDED |
| | § | |
| CAMERON ARCHITECTS, INC., STEPHEN | § | |
| CAMERON, UL, INC. D/B/A URBAN | § | |
| LIVING, and VINOD RAMANI, | § | |
| | § | |
| Defendants. | § | |

## JURY CHARGE AND JURY QUESTIONS

### Preliminary Instructions

You have heard the evidence in this case. I will now instruct you on the law that
you must apply. It is your duty to follow the law as I give it to you. On the other
hand, you the jury are the judges of the facts. Do not consider any statement that I
have made in the course of trial or make in these instructions as an indication that
I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make
their closing arguments. Statements and arguments of the attorneys are not

evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. This includes the Agreed and Stipulated Facts attached hereto.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at

2

some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence--such as testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field -- he or she is called an expert witness--is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from

evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he or she testifies regularly as an expert witness and his income from such testimony represents a significant portion of his or her income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise

5

directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

Instruction No. 1

### Copyright Infringement Generally

Copyright is the name for the protection that the law extends to an author of an original work against the unauthorized appropriation of that work by others. You are probably accustomed to hearing the word author used for writings, such as a novel, but under the copyright law any creator of an original work that is protectable under the copyright laws is referred to as an author. That is the term we use in copyright law for the creator of an original work.

The owner of a copyright generally has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time. One who reproduces a copyrighted work or prepares derivative works during the term of the copyright infringes the copyright, unless given permission to do so by the copyright owner.

A copyrightable work can be a literary work, architectural work, musical work, dramatic work, pantomime work, choreographic work, pictorial work,

graphic work, sculptural work, works fixed in semiconductor chip products, or even a computer program.

This case involves copyrights in "architectural works." "Architectural works" are designs of buildings as embodied in any tangible medium of expression, including the building itself, as well as architectural plans or drawings for the building. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features. "Standard features" are staple building components such as doors, windows, staircases, etc. These are not themselves protected by copyright, but the design of the building including them is protected. Copyright protection for an architectural work may encompass both architectural plans and constructed buildings.

This case also involves copyrights in "technical drawings." "Technical drawings" are two-dimensional drawings, which can be architectural plans. The subject matter depicted in the technical drawing need not itself be protected by copyright for the technical drawing to be protected, nor must the technical

8

drawings meet any particular artistic or technical quality or level of detail to enjoy

legal protection.

Instruction No. 2

Elements of Copyright Infringement

Preston Wood & Associates, LLC contends that the Defendants infringed its copyrights in its architectural works and technical drawings.  Copyright is the exclusive right to "copy."

As used in this charge, "copying" is a shorthand reference to any infringement of the copyright holder's exclusive rights, not just literal copying. You are instructed that a copyright holder has the exclusive rights to do and authorize others to do the following:  (1) to reproduce the copyrighted work, (2) to prepare derivative works that are based on the copyrighted work, and (3) to distribute copies of the copyrighted work to the public by sale, rental, lease, or lending.  A "derivative work" is a work that is based upon one or more preexisting works, including a revision, transformation, or adaptation of that preexisting work. A work may be "copied" by creating a derivative work; that is, a work that revises, transforms or adapts the work.

An architectural work may be "copied" by constructing or selling a building that is based on the protected design.

To establish infringement of its copyrights in this case, Preston Wood &

Associates, LLC must prove "copying" of its work by any of the Defendants. ]

Instruction No. 3

Originality

"Original," as that term is used in copyright law, means only that the work was independently created by the author, as opposed to copied from other works, and that it possesses at least some minimal degree of creativity.

Instruction No. 4

## Protected and Unprotected Elements

Although a work may be copyrightable as a whole not every portion or aspect of a copyrighted work is given copyright law's protection. Not all copying is copyright infringement. The mere fact that a work is copyrighted does not mean that every element of the work may be protected.  Infringement therefore requires "copying of constituent elements of the work that are original."

The protected elements of an "architectural work" do not include individual standard features such as windows, doors, and other staple building components.

To support a claim of copyright infringement, the copy must bear a substantial similarity to the protected aspects of the original.

<u>Instruction No. 5</u>

<u>Doctrine of Scenes A Faire</u>

Under the doctrine of scènes-à-faire, copyright protection is denied to those expressions that are standard, stock, or common to a particular topic or that flow necessarily or naturally from a common theme or setting. Furthermore, where a particular expression is common to the treatment of a particular idea, process, or discovery, it is lacking in the originality that is required for copyright protection.

 Instruction No. 6

## Merger Doctrine

When an idea can be expressed in very few ways, copyright law does not protect

that expression, because doing so would confer a de facto monopoly over the idea.

In such cases idea and expression are said to be merged.

Instruction No. 7

## Copying

As I mentioned before, "copying" is a shorthand reference to any infringement of the copyright holder's exclusive rights, not just literal copying.

In order to prevail on its copyright claim, Preston Wood & Associates, L.L.C. must prove that a Defendant "copied" its works.

Such copying can be proved by direct or indirect evidence. An example of direct evidence would be an admission by a Defendant that the Defendant copied Preston Wood & Associates, LLC 's work, or testimony of someone who saw the work being copied or who was directed to copy the work. However, proof of that nature is often not available in copyright cases. Preston Wood & Associates, LLC may create a presumption of copying by evidence establishing that the defendant had access to the copyrighted work and that the defendant's work is probatively similar to the copyrighted work.

You may find that a party had "access" to a Preston Wood & Associates, L.L.C work if that party had a reasonable opportunity to view that Preston Wood &

Associates, L.L.C  work, directly or through third parties, before the accused work was created.

Preston Wood & Associates, L.L.C does not need to prove that a party actually viewed a Preston Wood & Associates, L.L.C work in order to establish access to it.   Rather, Preston Wood & Associates, L.L.C need only establish that a party had a reasonable opportunity to view the Preston Wood & Associates, L.L.C work before it created the accused work.

"Probative similarities" are those similarities that in the normal course of events would not be expected to arise independently in the two works.

In evaluating whether there are probative similarities, you should consider all aspects of the works and not just the aspects of the copyrighted work that are protected. You are not required to find that the whole of a defendant's work largely replicates the whole of a copyrighted work.

These are not the only questions that may arise on the issue.  You may consider any relevant circumstance, that is any circumstances from which you may

draw an inference either that copying has taken place or that copying has not taken place.

If you find, however, considering all of the circumstances, that copying has taken place by a preponderance of the evidence, then Preston Wood & Associates, LLC has sustained its burden on that particular issue.

Instruction No. 8

<u>Substantial Similarity</u>

In order for Preston Wood & Associates, LLC to recover for copyright infringement, it must also prove that any copies or derivative works made by Defendants are substantially similar to a Preston Wood & Associates, LLC architectural work. "Substantial similarity" means "copying of constituent elements of the work that are original." The works are "substantially" similar if an ordinary, reasonable person would find the total concept and feel of the two works to be substantially similar.

Copying is shown through a detailed side by side comparison of the copyrighted and allegedly infringing works. Therefore, to determine whether the two works are substantially similar, you must make a direct side by side comparison between the original architectural work and the copy.

Instruction No. 9

## No Intent to Infringe Needed

This instruction applies to Questions 1-8.  It does not apply to Questions 9-10.

Once a plaintiff has proven that it owns the copyright on a particular work, and that a party has infringed upon those exclusive rights, that party is liable for the infringement and this liability is absolute.  Even where a party believes in good faith that he is not infringing a copyright, he may be found liable.  A party is liable for "innocent" and "accidental" copyright infringements.

Instruction No. 10

## Profits - Gross Revenue

If you find that there has been copyright infringement, you must next determine the amount of all profits that resulted from copyright infringement. Profits are awarded to prevent the infringer from unfairly benefitting from a wrongful act.

An infringer's profits consist of the amount of money it made or value it received due to the infringement after deducting the expenses of producing and marketing the infringing work.

In a copyright infringement action, the copyright owner must only prove the gross revenues that the infringer has earned or will earn from the creation, sales, or rentals of the infringing item. Gross revenues are not limited to actual money received, but also include all value received by the infringer. For example, the value of a building constructed in violation of an architectural works copyright can be evidence of gross revenue, even when that building has not been sold.

Upon proof of gross revenues, the burden then shifts to the defendants to prove what expenses, if any, should be deducted from the gross revenues to

establish net profit.    If the defendants fail to adduce competent evidence of expenses, the gross revenue figure stands as the measure of profits.

Instruction No. 11

## Profits - Direct Expenses

Defendants each bear the burden of proving their direct expenses. If Defendants fail to prove such direct expenses, you must find the amount of gross revenues as the amount of profits.

For an amount to be a deductible expense, it must be shown that it was actually incurred in the creation of the infringing copy, and that such expenditures actually assisted in the creation of the infringing copy.

You should not consider evidence of average or overall profit margins in determining direct expenses. In determining the direct expenses to deduct from gross revenues, you should rely only on evidence of specific expenses actually incurred.

Instruction No. 12

Profits – Overhead Expenses

Under certain circumstances a Defendant may deduct from gross revenues certain overhead expenses.  Each Defendant bears the burden of proving three elements to do this.

First, each Defendant must prove that the overhead expenses it wishes to deduct were actually incurred in the construction, marketing, rental, or sale of the infringing copy.  Stated differently, if the expense would have been incurred regardless of whether the Defendant made the infringing copy, you should not include it.

Second, for a category of indirect or overhead expenses to have been incurred in the creation of the infringing copy, a Defendant must prove that such category of expenses was of actual assistance in the creation of the infringing copy.  If you cannot find, by a preponderance of the evidence, that a Defendant has proven that a category of indirect or overhead expenses actually assisted in the creation of the infringing copy, you should not include it.

24

Third, a Defendant must proffer a "fair and acceptable formula" for determining how much of the claimed overhead expenses should be allocated to the infringing activity.

Instruction No. 13

## Profits - Apportionment

An infringer who has profits from copyright infringement is allowed to prove that a portion of the profits resulted from factors other than the acts of infringement.

Each Defendant bears the burden of proving, by specific evidence, what portions of profits are attributable to factors other than copyright infringement. To carry this burden, a defendant must prove what profits were attributable solely to the efforts of others, exclusive of any effect of Preston Wood & Associates, LLC's copyrighted works. Moreover, if noninfringing factors are so intertwined with infringing factors that it is impossible to apportion profits, then no apportionment is allowed.

All profits from the infringements in question should be deemed attributable to the infringement unless a Defendant proves by a preponderance of the evidence that they are not. If a Defendant fails to adduce competent evidence that a portion of their profits was due solely to factors other than the infringement, you should find that all of the defendant's profits from the infringements at issue are the result of copyright infringement.

26