Instruction No. 14

Integrity of Copyright Management Information

Copyright law also protects the integrity of "copyright management information." "Copyright management information" means any of the following information conveyed in connection with copies of a work, including in digital form:

· The title and other information identifying the work, including the information set forth on a notice of copyright.

· The name of, and other identifying information about, the author of a work.

· The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright.

· Terms and conditions for use of the work.

· Identifying numbers or symbols referring to such information or links to such information.


Copyright law protects the integrity of copyright management information by prohibiting the intentional removal or alteration of copyright management

information, the distribution of altered or removed copyright management information, and the distribution of copies of the works with altered or removed copyright management information.  If a Defendant intentionally does any of these things, and knows or has reasonable grounds to know that doing so would induce, enable, facilitate, or conceal copyright infringement, the Defendant has violated the law protecting the integrity of copyright management information.

To determine the number of violations you are to consider only the number of individual acts committed by a Defendant that violate this law.

Instruction No. 15

## Contributory Infringement

A Defendant can also be liable for infringement committed by another by intentionally inducing or encouraging direct infringement.

Instruction No. 16:

As used in the following Jury Questions:

"Preston Wood & Associates" means the plaintiff, Preston Wood & Associates, LLC.

"Urban Living" means defendant_UL, Inc. d/b/a Urban Living and d/b/a Urban Project Management.

"Cameron Architects" means defendant Cameron Architects, Inc.

"Nagle Park Place" means the real estate development located at 403-411 North Nagle Street, Houston, Texas.

"Patterson Street Landing" means the real estate development located at 1026-34 Center Street, Houston, Texas.

"Stanford Street Landing" means the real estate development located at 4312 A&B Stanford Street, Houston, Texas.

"EaDo Place" means the real estate development located at 2602-10 Polk Street, Houston, Texas.

"Mount Vernon" means the real estate development located at 4504 Mount Vernon, Houston, Texas.

Question No. 1

Did Urban Living infringe the copyrights of Preston Wood & Associates?

Answer "Yes" or "No" for each of the following projects:

| Project | Answer |
|---|---|
| Nagle Park Place | Yes |
| Patterson Street Landing | Yes |
| Stanford Street Landing | WD |
| EaDo Place | Yes |
| Mount Vernon | Yes |

33

Question No. 2

Did Urban Living contributorily infringe the copyrights of Preston Wood & Associates?

Answer "Yes" or "No" for each of the following projects:

| Project | Answer |
|---|---|
| Nagle Park Place | Yes |
| Patterson Street Landing | Yes |
| Stanford Street Landing | Yes |
| EaDo Place | Yes |
| Mount Vernon | Yes |

Question No. 3

Did Cameron Architects infringe the copyrights of Preston Wood & Associates?

Answer "Yes" or "No" for each of the following projects:

| Project | Answer |
| --- | --- |
| Nagle Park Place | Yes |
| Mount Vernon | Yes |

Question No. 4

Did Cameron Architects contributorily infringe the copyrights of Preston Wood &
Associates?

Answer "Yes" or "No" for each of the following projects:

| Project | Answer |
|---|---|
| Nagle Park Place | Yes |
| Mount Vernon | Yes |

Question No. 5:

For each project for which you found that Urban Living infringed or contributorily infringed Preston Wood & Associates' copyrights, what were Urban Living's gross revenues and deductible expenses, if any?

Answer in dollars and cents as to each.

| Project | Gross Revenues | Deductible Expenses |
|---|---|---|
| Nagle Park Place | $68,045.00 | $2,829.75 |
| Patterson Street Landing | $147,380.00 | $7,369.00 |
| Stanford Street Landing | $44,370.00 | $2,218.00 |
| EaDo Place | $259,540.00 | $12,977.00 |
| Mount Vernon | $3,439.50 | $0 |

Question No. 6:

For each project for which you found that Urban Living infringed or contributorily infringed Preston Wood & Associates' copyrights, what percentage, if any, of Urban Living's profits were attributable to factors other than the copyrighted work?

Answer in percentages for each of the following projects:

| Project | % of Profit Due to Factors Other than Infringement |
|---|---|
| Nagle Park Place | 97 |
| Patterson Street Landing | 99.5 |
| Stanford Street Landing | 99.5 |
| EaDo Place | 99.5 |
| Mount Vernon | 0 |

Question No. 7:

For each project for which you found that Cameron Architects infringed or contributorily infringed Preston Wood & Associates' copyrights, what were Cameron Architects' gross revenues and deductible expenses, if any?

Answer in dollars and cents as to each.

| Project | Gross Revenues | Deductible Expenses |
|---|---|---|
| Nagle Park Place | $22,900.00 | $12,788.11 |
| Mount Vernon | $6879.00 | $3439.50 |

Question No. 8:

For each project for which you found that Cameron Architects infringed or contributorily infringed Preston Wood & Associates' copyrights, what percentage, if any, of Cameron Architects' profits were attributable to factors other than the copyrighted work

Answer in percentages for each of the following projects:

| Project | % of Profit Due to Factors Other than Infringement |
|---|---|
| Nagle Park Place | 0 |
| Mount Vernon | 0 |

<u>Question No. 9:</u>

Did Urban Living knowingly or intentionally and with the intent to induce, enable, facilitate, or conceal infringement, create or distribute copies or derivatives of Preston Wood & Associates' copyrighted works from which Preston Wood & Associates' copyright management information had been altered or removed?

Answer "Yes" or "No" for each of the following projects:

| Project | Answer |
|---|---|
| Nagle Park Place | Yes |
| Patterson Street Landing | WD |
| Stanford Street Landing | WD |
| EaDo Place | WD |

Question No. 10:

For each project on which you answered "yes" on Question No. 9, how many times

did Urban Living do so?

Answer for each of the following projects:

| Project | Number of Violations |
|---|---|
| Nagle Park Place | 11,516 |
| Patterson Street Landing | WD |
| Stanford Street Landing | WD |
| EaDo Place | WD |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| PRESTON WOOD & ASSOCIATES, LLC, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>CAMERON ARCHITECTS, INC., §<br>STEPHEN CAMERON, UL, INC. §<br>D/B/A URBAN LIVING, and §<br>VINOD RAMANI, §<br>§<br>Defendants. § | Civil Action No. 4:16-cv-01427<br><br>JURY DEMANDED |

## AGREED AND STIPULATED FACTS

[From Joint Pretrial Order, "Agreed Facts" section]

1.      PWA is a design firm in the business of creating and licensing the use of "architectural works" (as that term is used in Title 17, United States Code) and technical drawings depicting such architectural works that were created by PWA or its predecessors.

2.      Cameron is an architectural firm.  Stephen Cameron is the CEO of Cameron.

3.      At all material times, Stephen Cameron has had the power and ability to supervise and control the activities of Cameron, and in fact has exercised such power and ability.  Stephen Cameron's ability and power to supervise and control the activities of Cameron includes Cameron's activities that are complained of herein.

1

4.      Stephen Cameron has had a financial interest in Cameron's activities, including Cameron's activities that are complained of herein.

5.      Urban Living is a real estate company.   Ramani is the CEO of Urban Living.

6.      At all material times, Ramani has had the power and ability to supervise and control the activities of Urban Living, and in fact has exercised such power and ability.  Ramani's ability and power to supervise and control the activities of Urban Living includes Urban Living's activities that are the subject of this lawsuit.

7.      Ramani has had a financial interest in Urban Living's activities, including Urban Living's activities that are the subject of this lawsuit.

8.      PWA is owner of all copyrights in the following architectural works and in certain technical drawings depicting such architectural works (hereinafter, the "Copyrighted Works"): PWA is owner of all copyrights in the following architectural works and in certain technical drawings depicting such architectural works (hereinafter, the "Copyrighted Works"):

   a. Buckingham Job 98-044-1937.   The United States Copyright Office has issued two Certificates of Registration for PWA's copyrights in the work titled Buckingham Job-044-1937: Registration No. VAu 1-245-404 as an architectural work, and Registration No. VAu 1-245-402 as a technical drawing. The effective date of both of these Certificates of Registration is May 17, 2016. The materials produced as PWA 000165-PWA000182

2

depict the Buckingham Job-044-1937 work and PWA deposited them with the Copyright Office in connection with these Certificates of Registration.

b. <u>Ashford Job 00-258-2262</u>. The United States Copyright Office has issued two Certificates of Registration for PWA's copyrights in the work titled Ashford Job 00-258-2262: Registration No. VAu 1-245-088 as an architectural work, and Registration No. VAu 1-245-105 as a technical drawing. The effective date of both of these Certificates of Registration is May 17, 2016. The materials produced as PWA 000020-PWA000026 depict the Ashford Job 00-258-2262 work and PWA deposited them with the Copyright Office in connection with these Certificates of Registration. The Ashford Job 00-258-2262 works are derivatives of the Buckingham Job 98-044-1937 works.

c. <u>Job D5-214</u>. The United States Copyright Office has issued two Certificates of Registration for PWA's copyrights in the work titled Job D5-214: Registration No. VAu 1-277-149 as an architectural work, and Registration No. VAu 1-245-398 as a technical drawing. The effective date of both of these Certificates of Registration is May 17, 2016. The materials produced as PWA 000115-PWA000120 depict the Job D5-214 work and PWA deposited them with the Copyright Office in connection with these Certificates of Registration. The Job D5-214 works are

3

derivatives of the Buckingham Job 98-044-1937 and Ashford Job 00-258-2262 works.

d. <u>D8057-2.</u>  The United States Copyright Office has issued two Certificates of Registration for PWA's copyrights in the work titled Job D8057-2: Registration No. VA2-065-871 as an architectural work, and Registration No. VA2-065-861 as a technical drawing. The effective date of both of these Certificates of Registration is February 10, 2017. The materials produced as PWA 000051 depict the Job D8057-2 work and PWA deposited them with the Copyright Office in connection with these Certificates of Registration.

e. <u>E0042.</u> The United States Copyright Office has issued two Certificates of Registration for PWA's copyrights in the work titled E0042: Registration No. VA2-065-858 as an architectural work, and Registration No. VA2-065-857 as a technical drawing. The effective date of both of these Certificates of Registration is February 10, 2017. The materials produced as PWA 000205 depict the E0042 work and PWA deposited them with the Copyright Office in connection with these Certificates of Registration. The E0042 works are derivatives of the D8057-2 works.

f. <u>E0175-A1.1-V5.</u>  The United States Copyright Office has issued two Certificates of Registration for PWA's copyrights in the work titled E0175-A1.1-V5: Registration No. VA2-065-855 as an architectural work,

4

and Registration No. VA2-065-852 as a technical drawing. The effective date of both of these Certificates of Registration is February 10, 2017. The materials produced as PWA 000192 depict the E0175-A1.1-V5 work and PWA deposited them with the Copyright Office in connection with these Certificates of Registration. The E1075-A1.1-V5 works are derivatives of the D8057-2 and E0042 works.

g. <u>E2246-A3.1.</u>    The United States Copyright Office has issued two Certificates of Registration for PWA's copyrights in the work titled E2246-A3.1: Registration No. VA2-065-847 as an architectural work, and Registration No. VA2-065-848 as a technical drawing. The effective date of both of these Certificates of Registration is February 13, 2017. The materials produced as PWA 000185 depict the E2246-A3.1 work and PWA deposited them with the Copyright Office in connection with these Certificates of Registration. The E2246-A3.1 works are derivatives of the D8057-2, E0042, and E0175 works.

h. <u>E2066 A2.1.</u>    The United States Copyright Office has issued two Certificates of Registration for PWA's copyrights in the work titled E2066 A2.1: Registration No. VA2-065-845 as an architectural work, and Registration No. VA2-065-846 as a technical drawing. The effective date of both of these Certificates of Registration is February 13, 2017. The materials produced as PWA 000225-PWA 000226 depict the E2066 A2.1

5

work and PWA deposited them with the Copyright Office in connection with these Certificates of Registration. The E2066 A2.1 works are derivatives of the D8057-2, E0042, and E0175 works.

i. <u>00-071-2265A</u>. The United States Copyright Office has issued two Certificates of Registration for PWA's copyrights in the work titled 00-071-2265A: Registration No. VA2-065-874 as an architectural work, and Registration No. VA2-065-872 as a technical drawing. The effective date of both of these Certificates of Registration is February 7, 2017. The materials produced as PWA 000041 depict the 00-071-2265A work and PWA deposited them with the Copyright Office in connection with these Certificates of Registration.

j. <u>D6050 Lot 1057</u>.  The United States Copyright Office has issued two Certificates of Registration for PWA's copyrights in the work titled D6050 Lot 1057: Registration No. VA2-066-043 as an architectural work, and Registration No. VA2-066-042 as a technical drawing. The effective date of both of these Certificates of Registration is February 7, 2017. The materials produced as PWA 000211 depict the D6050 Lot 1057 work and PWA deposited them with the Copyright Office in connection with these Certificates of Registration. The D6050 Lot 1057 works are derivatives of the 00-071-2265A works.

6

k. <u>E1171-B1.1L</u>.   The United States Copyright Office has issued two Certificates of Registration for PWA's copyrights in the work titled E1171-B1.1L: Registration No. VA2-066-743 as an architectural work, and Registration No. VA2-066-742 as a technical drawing. The effective date of both of these Certificates of Registration is February 13, 2017. The materials produced as PWA 000241-PWA000254 depict the E1171-B1.1L work and PWA deposited them with the Copyright Office in connection with these Certificates of Registration.

9.   Each of the Copyrighted Works is an original work that is copyrightable subject matter under federal law.

10.   On January 17, 2014, PWA and defendant Urban Living executed a "Design Only / Stock Plan License Agreement" (the "Agreement").

11.   A true and correct copy of the Agreement as executed by PWA and Urban Living is attached to PWA's First Amended Complaint as Exhibit 1.

12.   Urban Living never made a written request to renew the Agreement, nor did it ever identify which PWA works it wished to continue using or tender payment for any such renewal.

13.   PWA never agreed to renew the Agreement.

14.   PWA never gave any written permission to allow Urban Living to sublicense the modification of PWA's works by other builders.

15.   The Agreement automatically terminated no later than January 17, 2015.

7

16. During the term of the Agreement, Urban Living did not deliver to PWA any written acknowledgement and agreement to be bound by the terms of the Agreement executed by any other builder as a sublicensee under the Agreement.

17. During the term of the Agreement, Urban Living did not deliver to PWA any written acknowledgement and agreement to be bound by the terms of the Agreement executed by any outside (i.e., not an employee of Urban Living) draftsman, designer, engineer, or architect that Urban Living engaged to modify PWA works.

18. RZ Enterprises USA, Inc. d/b/a Oppidan Homes ("Oppidan") is a Texas Corporation involved in the planning, development and construction of structures at 403-411 North Nagle Street ("Nagle Park Place"), 1026-34 Center Street ("Patterson Street Landing"), 4312A-4312B Stanford Street ("Stanford Street Landing"), and 2602-10 Polk Street ("Eado Place"), all in Houston, Texas.

19. Oppidan Homes VIII Ltd. and its general partner, Oppidan Homes VIII GP, LLC (collectively "Oppidan 8"), are businesses involved in the planning, development and construction of structures at Nagle Park Place.

20. Oppidan Homes IX Ltd. and its general partner, Oppidan Homes IX GP, LLC (collectively "Oppidan 9"), are businesses involved in the planning, development and construction of structures at Patterson Street Landing.

21. Oppidan Homes XVII Ltd. and its general partner, Oppidan Homes XVII GP, LLC (collectively "Oppidan 17"), are businesses involved in the planning, development and construction of structures at Stanford Street Landing and EaDo Place.

22.    To create the construction drawings for Units 1-6 of Nagle Park Place, Cameron obtained PWA's CAD files for Job D5-214.

23.    To create the construction drawings for Units 1-6 of Nagle Park Place, Cameron made copies of PWA's CAD files for Job D5-214, including copying them to Cameron computers and copying them into the RAM of those computers.

24.    To create the construction drawings for Units 1-6 of Nagle Park Place, Cameron modified PWA's CAD files for Job D5-214.

25.    To create construction drawings for a project located at 4504 Mount Vernon, Houston, Texas ("Mount Vernon"), Cameron obtained PWA's CAD files for E1171-B1.1L.

26.    To create construction drawings for Mount Vernon, Cameron made copies of PWA's CAD files for E1171-B1.1L, including copying them to Cameron computers and copying them into the RAM of those computers.

27.    To create construction drawings for Mount Vernon, Cameron modified PWA's CAD files for E1171-B1.1L.

28.    Urban Living received commissions of $56,595 in connection with sales of townhouses in Nagle Park Place.

29.    Urban Living received commissions of $147,380.80 in connection with sales of townhouses in Patterson Street Landing.

30.    Urban Living received commissions of $44,370.00 in connection with sales of townhouses in Stanford Street Landing.

9

31.     Urban Living received commissions of $259,539.70 in connection with sales of townhouses in Eado Place.

32.     Urban Living received no commissions in connection with Mount Vernon.

33.     Urban Living has created marketing materials for Nagle Park Place, Patterson Street Landing, Stanford Street Landing, and Eado Place, in the form of floorplans, elevation drawings, and renderings.

34.     Urban Living has distributed copies of such marketing materials for Nagle Park Place, Patterson Street Landing, Stanford Street Landing, and Eado Place, in the form of floorplans, elevation drawings, and renderings.   Such distribution included distributions via Urban Living's webpages for those projects, e-mail distributions to prospective purchasers and real estate agents, and e-mail transmissions to other persons.

[From Docket #143 (Stipulation)]

Preston Wood & Associates' CAD files for each of the works in suit were deposited with the United States Copyright Office as part of the copyright registration process.

[From Docket #147 (Stipulation of Additional Agreed Fact)]

Defendants had access to the works Plaintiff alleges were infringed by the following properties:

4504 Mount Vernon Street, Houston, Texas.
Nagle Park Place, 403-411 North Nagle Street, Houston, Texas.
EaDo Place, 2602-10 Polk Street, Houston, Texas.
Patterson Street Landing, 1026-1034 Center Street, Houston, Texas.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PRESTON WOOD & ASSOCIATES, LLC.    §
                                   §
      Plaintiff,                 §
                                   §
                                   §    Civil Action No. H-16-1427
vs.                                §
                                   §    JURY DEMANDED
                                   §
CAMERON ARCHITECTS, INC., STEPHEN  §
CAMERON, UL, INC. D/B/A URBAN      §
LIVING, and VINOD RAMANI,          §
                                   §
      Defendants.                §

---

## VERDICT

---

We the jury return the foregoing as our unanimous verdict.

1