United States District Court
Southern District of Texas
**ENTERED**
November 08, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PRESTON WOOD & ASSOCIATES, LLC, § § § Plaintiff, § § v. § § CAMERON ARCHITECTS, INC., § STEPHEN CAMERON, UL, INC. § d/b/a URBAN LIVING, and VINOD § RAMANI, § § Defendants. § | Civil Action No. H-16-1427 |

## ORDER

Pending before the Court are Defendants' Motion for Oral Hearing on Statutory Damages under 17 U.S.C. § 1203 (Document No. 176) and Plaintiff's Motion For Entry of Judgment, Including Declaratory and Injunctive Relief (Document No. 178). Having considered the motions, submissions, and applicable law, the Court determines Defendants' motion should be denied and Plaintiff's motion should be granted in part and denied in part.

## I. BACKGROUND

This is an architectural copyright case. Plaintiff Preston Wood & Associates, LLC ("Preston Wood") is an architectural design firm. Defendant Cameron Architects, Inc. ("Cameron Architects") is an architectural firm. Defendant Stephen

Cameron ("Cameron") is the CEO of Cameron Architects. Defendant UL, Inc. *doing business as* Urban Living ("Urban Living") is a real estate company. Defendant Vinod Ramani ("Ramani") (Cameron Architects, Cameron, Urban Living, and Ramani, collectively, "Defendants") is the CEO of Urban Living. Preston Wood owns eleven (11) copyrights in architectural works and technical drawings. Preston Wood alleges that Urban Living's creation and distribution of marketing materials in the form of floorplans, elevations drawings, and renderings for multiple housing developments infringes on Preston Wood's copyrights. On January 17, 2014, Preston Wood and Urban Living entered into a "Design Only/Stock Plan License Agreement" (the "Agreement"). Preston Wood alleges that Urban Living failed to comply with certain conditions of the Agreement and that Urban Living created and distributed derivatives from which it removed Preston Wood's "Copyright Management Information."

Based on the foregoing, on May 20, 2016, Preston Wood commenced this action against Defendants for copyright infringement and violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1202. Preston Wood also seeks injunctive and declaratory relief. On July 16, 2018, the Court commenced a five-day jury trial. The Court submitted questions, definitions, and instructions to the jury. In response, the jury made findings that the Court received, filed, and entered into the record. The

jury found in favor of Preston Wood on all questions submitted to them.[1] Following the jury verdict, on October 1, 2018, Preston Wood filed a motion for the Court to enter judgment in this case. On October 1, 2018, Ramani and Urban Living filed a motion requesting a hearing as to statutory damages.

## II. LAW AND ANALYSIS

Following the jury's verdict, Ramani and Urban Living move the Court to conduct an oral hearing as to the jury's findings regarding the DMCA. Preston Wood moves for the Court to enter a judgment. The Court addresses each motion in turn.

A.   *Motion for Oral Hearing*

Ramani and Urban Living request an oral hearing as to the amount of DMCA violations the jury found. Having considered the motion, submissions, and applicable law, the Court declines to conduct an oral hearing on the matter. Accordingly, the motion for an oral hearing is denied.

B.   *Preston Wood's Motion for Entry of Judgment*

Preston Wood moves for the Court to enter a judgment in this case. Specifically, Preston Wood requests the judgment include: (1) monetary damages; (2) a permanent injunction; and (3) declaratory relief. The Court addresses each in turn.

---

[1] *Jury Charge and Jury Questions*, Document No. 170.

*1.    Monetary Damages*

Preston Wood requests Defendants' profits and statutory damages under the DMCA.[2] Specifically, Preston Wood seeks statutory damages of $2,500 for each violation of section 1202 of the DMCA the jury found Urban Living committed. Ramani and Preston Wood contend the evidence submitted at trial does not support the jury's finding as to the number of section 1202 DMCA violations.[3] The DMCA states that "a complaining party may elect to recover an award for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000." 17 U.S.C. § 1203(C)(3)(B). "Each violation" is not defined in the DMCA. Courts have interpreted "each violation" for purposes of section 1203 to mean "each violative act performed by Defendant." *See Interplan Architects, Inc. v. C.L. Thomas, Inc.*, Civil Action No. 4-08-cv-03181, 2010 WL 436690, at *42 (Ellison, J.) (quoting *McClatchey v. AP,* Case No. 3:05–cv–145, 2007 U.S. Dist. LEXIS 40416 (W.D. Pa.

---

[2] Defendants do not dispute the Court entering judgment on the amount of profits the jury awarded to Preston Wood. *See [joint proposed] Final Judgment*, Document No. 177 at 2. Accordingly, Preston Wood's motion for entry of judgment is granted as to the awards of Defendants' profits.

[3] The Court construes Ramani and Urban Living's contention as a challenge to the sufficiency of the evidence. The Court therefore views the record in favor of upholding the jury verdict. *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 500 (5th Cir. 2000).

June 4, 2007) (McVerry, J.)).[4] A jury is presumed to follow a court's instructions. *Russel v. Plano Bank & Trust*, 130 F.3d 715, 721 (5th Cir. 1997).

The jury found Urban Living violated section 1202 of the DMCA 11,516 times.[5] The jury was instructed that "[t]o determine the number of [DMCA] violations you are to consider only the number of individual acts committed by a Defendant that violate this law."[6] The evidence submitted at trial showed that Urban Living's marketing material—containing material that allegedly violated the DMCA—was on its website and distributed by email. There was testimony by Ramani at trial that Urban Living sent out between 8,000 to 15,000 emails containing these materials. Viewing the record in favor of upholding the jury verdict, the Court finds there was sufficient evidence at trial to support the jury's finding as to the number of DMCA violations. The Court therefore declines to disturb the jury's finding that Urban Living violated section 1202 of the DMCA 11,516 times.

---

[4] The Court notes Ramani and Urban Living contend this is the proper interpretation of "each violation" for purposes of section 1203. *Defendants' Response to Plaintiff's Motion for Entry of Judgment*, Document No. 179 at 9.

[5] *Jury Charge and Jury Questions*, Document No. 170 at 42.

[6] *Jury Charge and Jury Questions*, Document No. 170 at 29.

Accordingly, Preston Wood's motion for entry of judgment is granted as to statutory damages in the amount of $28,790,000.[7]

### 2. *Permanent Injunction*

Preston Wood seeks a permanent injunction.[8] The Copyright Act permits a court to grant a permanent injunction to prevent or restrain infringement of a copyright. 17 U.S.C. § 502(a). To obtain a permanent injunction, a plaintiff must show: (1) actual success on the merits; (2) no adequate remedy at law; (3) that the threatened injury outweighs any damage to the defendant; and (4) that the injunction will not disserve the public interest." *Malibu Media, LLC v. Gonzalez*, No. H-16-2406, 2017 WL 2985641, at *4 (S.D. Tex. July 13, 2017) (Miller, J.) (citing *DSC Comms. Corp. v. DGI Tech., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).

Preston Wood has succeeded on the merits against Defendants. Preston Wood's injury cannot be measured in a dollar amount that can be fully compensated by monetary damages. The threatened injury to Preston Wood of continued infringement outweighs any damage Defendants may face by being required to discontinue and refrain from infringing Preston Wood's copyrights. Moreover, a

---

[7] 11,516 violations of section 1202 of the DMCA times $2,500, the statutory minimum amount of damages elected by Preston Wood, equals $28,790,000.

[8] Defendants do not dispute Preston Wood's request for a permanent injunction and the parties have submitted an agreed proposed permanent injunction.[8] *[joint proposed] Final Judgment*, Document No. 177 at 3–6.

permanent injunction would serve the public interest by protecting Preston Wood's copyrights. The Court therefore finds Preston Wood has proven all the elements entitling it to a permanent injunction. Accordingly, Preston Wood's motion for entry of judgment is granted as to a permanent injunction.

    3.    *Declaratory Judgment*

Under the Federal Declaratory Judgment Act, district courts have broad discretion in deciding whether declaratory relief is appropriate. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). The Federal Declaratory Judgment Act is merely a procedural device and thus does not create substantive rights or causes of action. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937). Preston Woods seeks a declaratory relief declaring the rights of the parties under the Agreement. Having considered Preston Wood's motion, the parties' submissions, and applicable law, the Court, in its discretion, finds the declaratory relief sought is not appropriate in this case. Accordingly, Preston Wood's motion for entry of judgment is denied as to a declaratory judgment.[9]

---

[9] Preston Wood also seeks costs. Defendants object to an award of costs to Preston Wood. *[joint proposed] Final Judgment*, Document No. 177 at 3. Federal Rule of Civil Procedure 54(d)(1) states "costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Moreover, the Copyright Act and the DMCA authorize the Court to award costs. 17 U.SC. §§ 505, 1203(b)(4). The Court therefore finds Preston Wood should be awarded costs in this case. Accordingly, Preston Wood's motion for entry of judgment is granted as to costs.

## III. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion for Oral Hearing on Statutory Damages under 17 U.S.C. § 1203 (Document No. 176) is **DENIED**. The Court further

**ORDERS** that Plaintiff's Motion For Entry of Judgment, Including Declaratory and Injunctive Relief (Document No. 178) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted as to monetary damages, a permanent injunction, and costs. The motion is denied as to a declaratory judgment.

The Court will issue a separate Final Judgment and Permanent Injunction.

SIGNED at Houston, Texas, on this 8 day of November, 2018.

DAVID HITTNER
United States District Judge